ALBANY COUNTY.—HON. FRANCIS H. WOODS, SURROGATE.—September, 1886.

## MATTER OF McPHERSON.

*In the matter of the estate of* MARY McPHERSON, *deceased.*

A Surrogate's court should not declare a statute void as unconstitutional, unless satisfied of its invalidity upon that ground, beyond a reasonable doubt.

L. 1885, ch. 483, entitled "an act to tax gifts, legacies and collateral inheritances in certain cases," does not contravene the constitution of the State, by reason of its conferring upon Surrogates powers unauthorized by that instrument, or omitting to require proper notice to be given to the persons to be taxed, or failing to state the object to which the tax is to be applied. *

APPLICATION by the district attorney of Albany county, to compel payment by the executors of, and legatees under the will of decedent, of the tax imposed by L. 1885, ch. 483.

HUGH REILLY, *district attorney, for the application.*

JOHN F. MONTIGNANI, ROBERT G. SCHERER *and* EUGENE BURLINGAME, *opposed.*

* Affirmed, *pro forma*, at General Term, and subsequently affirmed in Court of Appeals, 104 *N. Y.*, 306.

THE SURROGATE.—This is a proceeding instituted by the district attorney for the purpose of having the Surrogate assess and fix the cash value of the estate of Miss Mary McPherson, deceased, in order that the tax thereon may be collected pursuant to chapter 483 of the laws of 1885, entitled " An act to tax gifts, legacies and collateral inheritances in certain cases."

Out of about seventy-five estates certified, as required by said act, to the county treasurer, this is the first contested proceeding, and, at the threshhold of it, the attorney for the people is confronted with the objection that the act in question is unconstitutional. The proceeding may, therefore, be considered a test one, and more particularly so, for the reason that the courts have not, after controversy, passed on the validity of this statute.

The question of law raised on the arguments before me seem to be of such grave difficulty and importance that counsel representing almost the entire estate, candidly announce that, whichever way the question here presented shall be determined, an appeal is likely to be taken to the appellate courts.   It is very desirable that the matter be speedily and finally settled, not only on account of the magnitude of interests of the State and the persons directly concerned, which are involved in it, but, also in order to avoid the possibly varying and conflicting decisions of the Surrogates' courts which might result in great embarrassments in the conduct of executors and administrators, and in the settlement of estates.

It is claimed that this act is unconstitutional ; first, in that it confers upon Surrogates powers unauthor-

ized by the constitution; second, in that proper notice is not required to be given to the persons to be taxed; third, in that the object for which the tax is to be applied is not stated.   From such examination as I have been able to give the matter, and of the authorities to which I have been referred in the learned and ingenious briefs submitted by counsel, I cannot say that I am free from doubts as to the constitutionality of this act, nor can I say *beyond a reasonable doubt* that this act is null, void and unconstitutional.

It is said by Judge COOLEY that, when courts are called upon to pronounce the invalidity of an act of legislation passed with all the forms and ceremonies requisite to give it the force of law, they will never declare a statute void unless its nullity and invalidity are placed, in their judgment, beyond a reasonable doubt (Cooley Const. Lim., p. 181, 3d ed.).   To same effect is Embury v. Conner (3 *N. Y.*, 511).

Nothing but a clear violation of the constitution will justify the court in overriding the legislative will (C. C. R. v. 23d st. R. R. Co., 54 *How.*, Pr., 180 ; Matter of Elevated R. R. Co., 3 *Abb. N. C.*, 413).   Every presumption is in favor of a statute until its violation of the constitution is shown beyond all reasonable doubt (Ogden v. Saunders, 12 *Wheat.*, 270 ; 1 *Am. Rep.*, 238).

In view of this doctrine so authoritatively laid down, and not being satisfied beyond a reasonable doubt that the act in question is unconstitutional, I am persuaded that in good conscience in this tribunal of the first instance, I should decline to pronounce it unconstitu-

tional, but on the contrary should pronounce it a constitutional act, which I accordingly do.

On the proofs offered, and on the authority of the cases, Hebrew Orphan Asylum v. Mayor (11 *Hun*, 116); People v. Commissioners of Taxes (36 *Hun*, 311), I hold and decide that the following named legatees are not subject to any tax under the said act: "The Society for the Relief of Orphan and Destitute Children in the City of Albany," "The Home for Aged Men," "The Albany Hospital," and "The Albany Guardian Society."

Let a decree be entered accordingly.